UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTHONY G. HERBERT,

                Plaintiff,

   v.

WALTER LOVELL, *et al.*,

                Defendants.

Case No.   C13-0044-TSZ-MAT

ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL AND TO APPOINT COUNSEL

This is a civil rights action brought under 42 U.S.C. § 1983.  This matter comes before the Court at the present time on plaintiff's motions to compel and to appoint counsel.  The Court, having reviewed plaintiff's motions, and the balance of the record, does hereby find and ORDER as follows:

    (1)    Plaintiff's motion to compel (Dkt. No. 27) is DENIED.  Plaintiff's motion is somewhat confusing.  However, it appears that defendants' answer to the complaint raised concerns for plaintiff about whether the named defendants are currently employed by King County Public Health (KCPH) and whether they have been advised by counsel that they are

ORDER RE: PLAINTIFF'S PENDING
MOTIONS - 1

being sued. Plaintiff asks that defendants' counsel be compelled to identify who is and is not currently employed by KCPH and to disclose who she has and has not notified that they are being sued. He also asks that he be provided discovery in the form of employment records for each defendant.

To the extent plaintiff is entitled to such information, he must obtain it through appropriate discovery requests directed to defendants in accordance with the Federal Rules of Civil Procedure and not by way of a motion to the Court.[1] Plaintiff makes no viable request for relief in his motion to compel and, thus, the Court will not consider the motion further.

(2)   Plaintiff's second motion to appoint counsel (Dkt. No. 30) is DENIED. As plaintiff was previously advised, there is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331. Plaintiff has not demonstrated that this case involves exceptional circumstances which warrant appointment of counsel at the present time.

---

[1] To the extent plaintiff seeks to invoke the provisions of Federal Rule of Civil Procedure 26 which require initial disclosures of information to the opposing party, plaintiff is advised that such provisions do not apply in a case such as this one which was filed by a *pro se* litigant who is in state custody. *See* Fed. R. Civ. P. (a)(1)(B)(iv).

ORDER RE: PLAINTIFF'S PENDING
MOTIONS - 2

(3) The Clerk is directed to send a copy of this Order to plaintiff and to counsel for defendants, and to the Honorable Thomas S. Zilly.

DATED this 16th day of August, 2013.

Mary Alice Theiler
Chief United States Magistrate Judge

ORDER RE: PLAINTIFF'S PENDING
MOTIONS - 3